María J. Nuñez     SBN: 236926
NUNEZ LAW CORPORATION
1350 Columbia Street, Suite 500
San Diego, California 92101
Telephone:   619.501.3566
Facsimile:    619.512.4501
mnunez@nunezlawfirm.com

Attorneys for Debtor,
Margarito Vasquez Sanchez

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| In re: | ) | Case No. 18-01740-LA13 |
|---|---|---|
| MARGARITO VASQUEZ SANCHEZ | ) ) ) | Chapter 13 |
| Debtors, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **DEBTOR MARGARITO VASQUEZ SANCHEZ'S RESPONSE TO OBJECTIONS OF CHAPTER 13 TRUSTEE TO CONFIRMATION OF CHAPTER 13 PLAN**<br><br>Date:     July 11, 2018<br>Time:    10:00 a.m.<br>Dept.:    2<br>Judge:   Hon. Louise DeCarl Adler<br><br>Bankruptcy filed: March 27, 2018 |

**TO: THE HONORABLE LOUISE DECARL ADLER, CHAPTER 13 TRUSTEE, AND ALL PARTIES IN INTEREST:**

Margarito Vasquez Sanchez, the Debtor herein (hereinafter "Debtor" and/or "Vasquez") individually, by and through his attorney, María J. Nuñez of Nuñez Law Corporation, hereby respond to the Objection of the Chapter 13 Trustee (hereinafter "Trustee") to Confirmation of Chapter 13 plan filed by the Debtors on April 10, 2018.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 27, 2018 Debtor commenced a case under Chapter 13 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 in the Southern District of California. David L. Skelton was

1

appointed as Chapter 13 Trustee, (hereinafter the "Trustee") on March 27, 2018 and is the duly authorized representative of the Debtor's bankruptcy estate (hereinafter the "Bankruptcy Estate") pursuant to § 1302 of the Bankruptcy Code. The Debtors' initial 341(a) meeting of creditors took place on May 4, 2018 and the Debtor appeared to testify as required by the Code. The Trustee concluded the 341(a) meeting of creditors the same day. For the reasons set forth below, the Debtor opposes the Trustee's objections to confirmation of the Debtor's proposed Chapter 13 Plan as set forth in detail below:

## II.

## FTB'S OBJECTIONS AND DEBTORS' GROUNDS FOR OPPOSITION

## DEBTORS HAVE PROPOSED THEIR CHAPTER 13 PLAN IN GOOD FAITH AND THIS COURT MUST GRANT CONFIRMATION.

The Trustee contends, it its Objection that the Debtor has not turned over complete income information. On the contrary the Debtor has turned over his year 2017 income tax return, both state and federal, and his proof of income received in year 2018. The Debtor is a self employed who performs deliveries for various companies. The Debtor has turned over proof of the income he has received.

The Trustee claims that the Debtor has not turned over bank statements. The Debtor has turned over banks statements are required by guidelines. If the Trustee requires additional bank statements, the Debtor request that the Trustee inform his counsel exactly what bank statement dates the Trustee requires. The Debtor will comply with this request.

The Trustee also states that the Debtor has failed to provide for secured creditor(s). The Debtor is current with his first deed of trust. In his Plan of reorganizations, the Debtor proposes to pay his second deed of trust outside of the Plan.

Additionally, in his Plan, the Debtor proposes to pay arrears to the San Diego County Tax Assessor the amount of $ 3648.16. Debtor's counsel has received notice from the San Diego County Tax Assessor that the Debtor is current with his obligation. Accordingly, the Debtor will be filing a first amended plan to delete the San Diego County Tax Assessor as a creditor.

The Debtors will be amending his Plan.

## III.

## CONCLUSION

The Debtor requests that this Court deny the Trustee's objection to confirmation.

Dated: May 28, 2018  **NUNEZ LAW CORPORATION**

By: /s/ María J. Nuñez
María J. Nuñez, Attorneys for Debtor
Margarito Vasquez Sanchez