KRISTIN ZILBERSTEIN, ESQ. (200041)
JENNIFER BERGH, ESQ. (305219)
ADAM THURSBY, ESQ. (318465)
THE LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Office: (949) 427-2010
Fax:  (949) 427-2732
Email:athursby@ghidottilaw.com

Attorneys for Creditor
Deutsche Bank National Trust Company,
as Certificate trustee on Behalf of Bosco Credit
II Trust Series 2010-1

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO**

| | |
|---|---|
| In re:<br><br>**MARGARITO VASQUEZ SANCHEZ,**<br><br>Debtor. | Case No.: 18-01740-LA13<br><br>MRG-1<br><br>Chapter 13<br><br>**AMENDED OBJECTION TO CONFIRMATION OF DEBTOR'S PLAN**<br><br>Date:   December 20, 2018<br>Time:  2:00 p.m.<br>Ctrm:   2<br>Place:  325 West F Street<br>           San Diego, CA 92101<br><br>Property: 1287 Avenida Amistad, San Marcos, CA 92069<br><br>The Honorable Judge Louise DeCarl Adler |

1

**TO THE HONORABLE JUDGE LOUISE DECARL ADLER, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, HIS ATTORNEY OF RECORD AND THE CHAPTER 13 TRUSTEE, DAVID L SKELTON:**

Deutsche Bank National Trust Company, as Certificate trustee on Behalf of Bosco Credit II Trust Series 2010-1, ("**Creditor**"), a secured creditor of the above-named Debtor hereby objects to the confirmation of Debtor's Chapter 13 Plan (the "**Plan**") on the grounds that the Plan does not comply with the provisions of Chapter 13 of Title 11, United States Code, and with other applicable provisions of said Title 11.

This objecting Creditor holds a deed of trust on the Debtor's real property commonly described as 1287 Avenida Amistad, San Marcos, CA 92069 (the "**Property**"), which is Debtor's principal residence. Creditor is entitled to receive payments pursuant to a Promissory Note which is secured by a Deed of Trust on the subject property As of 3/27/18, the approximate amount in default was $131,320.31, as described in the Amended Proof of Claim filed by Creditor; Creditor files this Objection to protect its interests.

## ARGUMENT

Application of the provisions of *11 United States Code Section 1325* determines when a Plan shall be confirmed by the Court. Based on the foregoing, as more fully detailed below, the Plan cannot be confirmed as proposed because the Plan does not comply with the provisions of Chapter 13 of the United States Bankruptcy Code.

**A. THE PLAN IS INTERNALLY INCONSISTENT**

Section 3.5 of the Plan provides that Creditor's claim is intentionally excluded from the plan. Section 3.1 of the Plan lists Creditor's Claim and provides a treatment for it. The fact that the treatment provides for $0 in arrears does not change the fact that the claim is treated under

section 3.1 of the plan. Because the claim is both treated and excluded under the plan the plan is internally inconsistent.

### B. IMPERMISSIBLY MODIFIES CREDITOR"S RIGHTS

11 U.S.C. §1322(b)(2)

The Plan modifies the rights of a creditor whose claim is secured only by a security interest in real property that is Debtor's principal residence in violation of 11 U.S.C. §1322(b)(2) by not providing for payments towards Creditor's arrears. Section 3.1 of The Debtor's Modified Plan, which governs treatment of secured claims, lists Creditor's claim as having $0.00 in arrears. The actual arrears are approximately $131,320.31, as listed in Creditor's amended proof of claim. The Debtor must provide for the cure of Creditor's arrears.

### C. DOES NOT MEET FULL VALUE REQUIREMENT

11 U.S.C. §1325(a)(5)(B)(ii)

The Debtor's Plan does not provide for cure of the pre-petition arrears owed to Creditor. The pre-petition arrears owed to Creditor are no less than approximately $131,320.31. Debtor's Plan does not provide for payment of any arrears owed to Creditor in Section 3.1 of the plan. Accordingly, Debtor will be required to amend his Plan to fully provide for the pre-petition arrears owed to Creditor. Since Debtor's Plan does not provide for cure of the default of the pre-petition arrears owed to Creditor, the Plan does not meet the full value requirement and fails to satisfy 11 U.S.C. §1325(a)(5)(B)(ii).

### D. THE PLAN IS NOT CONFIRMABLE BECAUSE IT IS SPECULATIVE

Debtor proposes to sell the subject property by April 2019. Secured Creditor objects to this provision as it is too speculative and is not allowed under the Bankruptcy Code and current

case law.  It is too speculative to just state in a plan that the Debtor will attempt to sell the properties in order to pay the secured claim.

Secured Creditor objects to this treatment as speculative and prejudicial. Debtor may not premise the cure of Secured Creditor's arrears on a speculative event in the future such as a sale or refinance. Courts have long held that a plan should be not be confirmed where it is proposing a balloon payment or otherwise is contingent on a speculative event to take place in during the life of the plan. See In Re Gavia (9th Cir. BAP 1982) 24 BR 573,574; In Re Nantz (BC ED MO 1987) 75 BR 617, 618-619; In Re Fantasia (1st Cir. BAP 1997) 211 BR 420,424; In Re Craig (BC ND OH 1990) 112 BR 224,225.

It is unknown if the Debtor will be able to sell the subject property. When the plan proposes to sell or refinance real property in the future, the plan proponent has the burden to produce evidence as to, "past marketing efforts, the state of the market for the subject asset, current sale prospects, the existence and maintenance of any 'equity cushion' in the property, and all other circumstances that bear on whether the creditor will see its way out of the case financially whole." In re Lindsey, 183 B.R. 624, 627 (Bankr.D.Idaho 1995), quoting In re Newton, 161 B.R. 207, 217-18.  Moreover, the Plan does not address what the Debtor proposes to do if she is unable to obtain financing or sell the subject Property.   This provision puts the feasibility of the entire Amended Plan in question since it is contingent upon a speculative event.  Therefore, the Amended Plan is not feasible.

### E. **PROMPT CURE OF PRE-PETITION ARREARS**

11 U.S.C. §1322 (d)

The pre-petition arrears owed to Creditor are no less than approximately $$131,320.31. Debtor's Plan does not provide for payment of Creditor's arrears in any amount. Presumably,

4

Creditor would be paid from the proceeds of the sale proposed in the Pre-Confirmation amendment to the plan. Assuming the property is able to be sold that would require creditor to wait several more months before receiving any payment. Therefore, Debtor's Plan fails to provide for prompt cure of Creditor's pre-petition arrears.

**WHEREFORE**, Creditor objects to confirmation of the Plan and requests as follows:

a. Confirmation of the Proposed Chapter 13 Plan be denied; or, in the alternative,

b. Debtor's plan be amended to reflect the arrears amount listed in Secured

c. Creditor's filed proof of claim

d. For attorneys' fees and costs herein, and

e. For such other relief as this Court deems proper.

DATED: December 14, 2018     THE LAW OFFICES OF MICHELLE GHIDOTTI

By: /s/ Kristin Zilberstein
Kristin Zilberstein, Esq.
Attorney for Deutsche Bank National Trust Company, as Certificate trustee on Behalf of Bosco Credit II Trust Series 2010-1

| | |
|---|---|
| 1 | Kristin A. Zilberstein, Esq. (SBN: 200041) |
| | Jennifer R. Bergh, Esq. (SBN 305219) |
| 2 | Adam P. Thursby, Esq. (SBN 318465) |
| | LAW OFFICES OF MICHELLE GHIDOTTI |
| 3 | 1920 Old Tustin Ave |
| | Santa Ana, CA 92705 |
| 4 | Ph: (949) 427-2010 |
| | Fax: (949) 427-2732 |
| 5 | athursby@ghidottilaw.com |
| 6 | Attorney for Secured Creditor |
| | Franklin Credit Management Corporation as servicer |
| 7 | for Deutsche Bank National Trust Company, |
| | as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 |

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**SAN DIEGO DIVISION**

| | | |
|---|---|---|
| In Re: | ) | CASE NO.: 18-01740-LA13 |
| | ) | |
| **MARGARITO VASQUEZ SANCHEZ** | ) | CHAPTER 13 |
| | ) | |
| Debtor. | ) | RS No.: AT-1 |
| | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action. My business address is: 1920 Old Tustin Avenue, Santa Ana, CA 92705.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be

deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

On December 14, 2018, I served the following documents described as:

- **AMENDED OBJECTION TO CONFIRMATION OF DEBTOR'S PLAN**

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

(Via United States Mail)

| **Debtor** | **Trustee** |
|---|---|
| Margarito Vasquez Sanchez | David L. Skelton |
| 1287 Avenida Amistad | 525 B St., Suite 1430 |
| San Marcos, CA 92069 | San Diego, CA 92101-4507 |
| | |
| **Counsel for Debtor** | **U.S. Trustee** |
| David L. Speckman | United States Trustee |
| Speckman & Associates | Office of the U.S. Trustee |
| 1350 Columbia Street, Suite 503 | 880 Front Street, Suite 3230 |
| San Diego, CA 92101 | San Diego, CA 92101 |

__xx___ (By First Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

_____ Via Electronic Mail pursuant to the requirements of the Local Bankruptcy Rules of the Eastern District of California

__xx_ (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

     Executed on December 14, 2018, at Santa Ana, California

*/s/ Steven P. Swartzell*
Steven P. Swartzell